UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

The City of Riviera Beach,

    Plaintiff,

vs.                                                      CASE NO.: 9:09-cv-80594-WPD

That certain unnamed gray, two-story vessel
approximately fifty-seven feet in length, her engines,
tackle, apparel, furniture, equipment and all other
necessaries appertaining and belonging *in rem*,

    Defendant.
_____/

## MOTION TO AUTHORIZE PLAINTIFF TO CREDIT BID AT SALE OF DEFENDANT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, CITY OF RIVIERA BEACH ("Plaintiff"), by and through undersigned counsel and pursuant to Supplemental Admiralty Rule E, hereby moves this Court for entry of an Order authorizing it to credit bid at any future sale of the Defendant, and in support thereof states:

### Statement of Facts and Procedural Posture

1. On April 20, 2009, Plaintiff filed a Verified Complaint in Admiralty against That certain unnamed gray, two-story vessel approximately fifty-seven feet in length, her engines, tackle, apparel, furniture, equipment and all other necessaries appertaining and belonging in rem ("Defendant").

2. Pursuant to an Order Directing the Issuance of the Warrant of Arrest and/or Summons issued by this Honorable Court, the United States Marshal arrested the Defendant on April 20, 2009 [D.E. 6, 9]. The Vessel is currently in the custody of the Substitute Custodian, National Maritime Services, Inc. [D.E. 8].

3. Plaintiff paid the U.S. Marshal approximately $2,500.00 for expenses associated with the arrest itself. *See* [D.E. 132-2].

4. As of November 19, 2009, Plaintiff has been invoiced approximately $32,045.94 in *custodia legis* expenses, of which $21378.44 has been paid, and $10,667.60 is due and owing as of November 19, 2009, to maintain the Defendant while under arrest. Charges continue to accrue each day the Defendant remains in custody. *See* [D.E. 151-1].

5. Claimant has not sought the release of the Vessel by posting a bond or otherwise stipulating to its release.

6. Plaintiff notes that no other claims of lien have been filed against the Defendant in this action and Plaintiff is not aware of any other maritime liens existing against the Defendant.

## Memorandum of Law

In the instant case, Plaintiff has a maritime lien for vessel trespass damages.[1]  [D.E. 150]. "A maritime lien is '[a] special property right in a ship given to a creditor by law as security for a debt or claim subsisting from the moment the debt arises[.]'" *Dresdner Bank v. M/V Olympia Voyager*, 465 F.3d 1267, 1272 (11th Cir. 2006) (citing *Galehead, Inc. v. M/V Anglia*, 183 F3d 1242, 1247 (11th Cir. 1999); 46 U.S.C. § 31342). A maritime lien arises by operation of law and grants the lien holder "the right to appropriate the vessel, have it sold, and to be repaid from the proceeds." *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552 (5th Cir. 2003). *Custodia legis* expenses for the preservation and maintenance of a vessel while under arrest are for the common benefit of those with a claim in the proceedings. *See New York Dock Co. v. The Poznan*, 274 U.S. 117, 120-21 (1927). The expenses should be paid from the proceeds of the sale of the vessel as an "expense of justice." *Id.*  Accordingly, the expenses are recoverable by the party paying such expenses and such claims are given priority over all other

---

[1] The Court has not yet ruled on the existence or amount Plaintiff's claim for a maritime lien for necessaries.

2

claims existing on the vessel. *New York Dock Co.*, 274 U.S. at 120-21; *Dresdner Bank,* 465 F.3d at 1272-73.

A "credit bid" permits a party who has a valid maritime lien on a vessel and who has paid *custodia legis* expenses and fees of the marshal, to "bid on its credit" in lieu of paying cash at the public sale of the vessel. *Broward Marine Refit, LLC v. M/Y VICTORY*, 07-61705-CIV, 2009 WL 2422398, at *2 (S.D. Fla. 2009) (order adopting Report and Recommendation of U.S. Magistrate Judge which permitted a party to credit bid up to the amount of its maritime lien); *Texas Gulf Bank, N.A. v. M/V Reliant*, 2:05-cv-00513-UA-SPC (M.D. Fla. Apr. 17, 2006) (order granting motion to credit bid up to amount of maritime lien and fees paid to U.S. Marshal) (DE 32; *see also Economy Stone Midstream Fuel, LLC v. M/V A.M. Thompson*, 4:08CV127-SA-DAS, 2009 WL 103536 (N.D. Jan 14, 2009) (order permitting party to credit bid up to the amount of its mortgage interest); *The Cesare Augusto*, 39 F. Supp. 751, 752 (N.D. Cal. 1941). Further, credit bids and restricting the lowest bid to a certain minimum amount are contemplated by the U.S. Marshals sales procedures. *See MANUAL FOR UNITED STATES MARSHALS*, 2006 AMC 2083, 2099(Oct. 2003).

Plaintiff contracted with the court appointed substitute custodian, National Maritime Services, for services including the arrest, preservation, and safekeeping of the Defendant Vessel. Consequently, the Plaintiff was required to pay the substitute custodian's monthly invoices for services rendered, materials, and insurance. As a result, the Plaintiff is entitled to reimbursement of the custodial costs that it has paid and those invoices upon which money is still owed.

Plaintiff expects that one or more persons will seek to bid on the Defendant at any future sale for substantially less than the value of the vessel. If Plaintiff is not allowed to credit bid, it

will be unable to protect its lien interest against the vessel and its claim for repayment of *custodia legis* fees.  Plaintiff should be permitted to bid all or part of its judgment *in rem* against the vessel, which would include the amount of *custodia legis* fees paid to date, fees paid to the U.S. Marshal, and the amount of its maritime lien or liens, in lieu of paying cash prior to and at any future sale of the vessel.

WHEREFORE Plaintiff, CITY OF RIVIERA BEACH, prays that this Court enter an Order authorizing it to credit bid at any future interlocutory sale up to the amount of its maritime lien, *custodia legis* payments and  payments to the U.S. Marshal.

Dated November 25, 2009

Respectfully submitted,

/s/ Robert B. Birthisel
**ROBERT B. BIRTHISEL**
Florida Bar No.:  906654
**JULES V. MASSEE**
Florida Bar No.:  0041554
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Dr., Suite 1210
Tampa, Florida  33602
Telephone:  813.223.1900
Facsimile:  813.223.1933
jmassee@hamiltonmillerlaw.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to Fane Lozman, pro se claimant, by e-mail at E-mail address sp500trd@yahoo.com, this November 25, 2009

/s/ Robert B. Birthisel
Attorney